Argued June 7, reversed June 29, 1960

# KERBY *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

353 P. 2d 857

*Earl M. Preston,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*William E. Duhaime,* Medford, argued the cause for respondent. On the brief were Duncan, Brophy, Wilson & Duhaime, Medford.

Before ROSSMAN, J., presiding, and PERRY, O'CONNELL, GOODWIN and HOLMAN, Justices.

ROSSMAN, J.

This is an appeal by the defendant, State Industrial Accident Commission, from a judgment which the circuit court entered in favor of the plaintiff, Douglas E. Kerby, after it had sustained the plaintiff's motion for the entry of judgment upon the pleadings. The complaint alleged that while the plaintiff was the workman of an employer who contributed to the State Industrial Accident Fund he sustained an injury, and on October 29, 1958, received an award from the defendant for permanent partial disability which was calculated upon the basis of 15 per cent loss of the function of the plaintiff's left leg. The complaint further alleged that after the plaintiff filed a petition for a rehearing the defendant, upon the rehearing, reaffirmed on February 11, 1959, its previous order thereby denying to the plaintiff additional compensation. At that point the plaintiff instituted this proceeding. The answer filed by the defendant consisted of admissions and denials. When the trial commenced

the plaintiff moved, as permitted by ORS 16.130, for the entry of judgment in his favor "upon the ground that the material allegations of the complaint are admitted by the defendant's answer and that no material issue in the case remains to be tried by the jury." The court denied the motion and thereupon the defendant sought permission to amend its answer "for the reason that through inadvertence and inexperience certain matters had been admitted which should have been denied." The motion was denied. Shortly thereafter the court vacated its order which had denied the plaintiff's motion for judgment on the pleadings and then sustained it. In that way the judgment under attack was entered.

The defendant's first assignment of error reads:

"The Court erred in sustaining plaintiff's motion for a judgment on the pleadings."

We will now give consideration to the assignment of error just quoted. The first three paragraphs of the complaint alleged formal matters that play no part in the issues before us. The fourth follows:

"That on or about June 26, 1958, claimant sustained a personal injury by an accident arising out of and in the course of his said employment by violent and external means in that as plaintiff was driving a loaded lumber truck and trailer downhill on Sexton mountain in Josephine county, Oregon, the brakes failed and plaintiff had to jump from said truck while it was traveling out of control, as a result of which plaintiff fell violently to the ground and rolled and skidded along the paved highway for a considerable distance resulting in his injury and disability as hereinafter set forth."

The answer admitted the paragraph just quoted. It will be observed that the concluding words of that

paragraph are, "resulting in his injury and disability as hereinafter set forth." The admission of those words is the basis of the plaintiff's contention that the defendant, by admitting paragraph IV in which those words occur, conceded the averments of other paragraphs which detailed the nature and extent of plaintiff's injuries, even though the answer expressly denied them. Since the plaintiff argues that the nature and extent of his injuries were admitted by the language of which we have just taken note, he urges that there remained nothing for trial. The court sustained that point of view.

The fifth paragraph of the complaint alleged the plaintiff's injury. It follows:

"That as a direct and proximate result of said accident plaintiff sustained a severe injury to his left knee, *bruises, contusions and abrasions of his elbows, left hip and left side, severe strain and bruising of the back, was shaken up and suffered internal injuries proximately causing and necessitating the removal of his left kidney and subsequent surgery to repair an internal condition resulting from the kidney operation,* and that plaintiff became immediately temporarily totally disabled, was hospitalized, had his left leg placed in a cast, underwent surgery on two separate occasions, had blood transfusions and was required to and did receive extensive medical care and treatment for said injuries and conditions resulting from said accident." (Italics ours)

Our quotation of paragraph V places in italics the part which the answer denied. It will be observed that it denied not only the assertions concerning bruises, contusions and abrasions but also the allegations that the injuries which the plaintiff suffered necessitated the removal of his left kidney and later

some auxilliary surgery to repair internal conditions resulting from the kidney operation.

The sixth paragraph of the complaint, which the answer admitted, averred that the plaintiff made an application for and received the award of compensation which we have already detailed. It alleged also:

"* * * defendant has refused to pay and has advised plaintiff that it will not pay the medical and hospital expenses necessarily incurred by plaintiff in connection with the treatment and removal of plaintiff's left kidney and the subsequent surgery made necessary by such removal."

That averment, like the other parts of paragraph VI, was admitted by the answer.

Paragraph VII of the complaint alleged in part facts of which we have already taken note, that is, the petition for a rehearing, and the defendant's affirmance at the close of the rehearing of its order of October 29, 1958. Those averments of paragraph VII were admitted by the answer, but the following part of paragraph VII was denied:

"* * * the said order and award of October 29, 1958 and the said order mailed to defendant on February 11, 1959 affirming the defendant's order of October 29, 1958 and the refusal of the defendant to pay the medical and hospital expenses incurred in the treatment and removal of plaintiff's left kidney and the subsequent surgery made necessary by reason thereof are unjust and erroneous and the plaintiff is aggrieved thereby * * *."

Paragraph VIII of the complaint, which the answer denied in its entirety, branded as "unjust and erroneous" the two orders of October 29, 1958, and February 11, 1959, which refused

"* * * to pay the medical and hospital ex-

penses incurred by plaintiff in the treatment and removal of plaintiff's left kidney and the subsequent surgery made necessary by reason thereof * * * and that defendant should pay him compensation for temporary total disability to September 15, 1958. * * *"

Continuing, the paragraph detailed the compensation which it claimed should be awarded to the plaintiff.

Paragraph IX, which was also denied by the answer, alleged that:

"* * * at the present time plaintiff suffers from a constant tired and listless feeling, his left leg is unstable and gives way or crumples under him, especially * * *. That he suffers pain and a burning sensation in the area of his stomach and a frequent and severe side ache. That plaintiff is unable by reason of said conditions to ride in or on trucks or other heavy machinery, is unable to lift and is unable to walk over uneven surfaces, which conditions prevent him from holding employment in his former and usual occupation of logger and truck driver, and that at the present time and by reason of the foregoing plaintiff has sustained permanent partial disability equal to 55 degrees * * *."

The above is a sufficient review of the pleadings. It will be noticed that the entire fulcrum of the plaintiff's case is the phrase, "resulting in his injury and disability as hereinafter set forth." The plaintiff argues that the many denials in the answer must be disregarded because the defendant admitted the paragraph of the complaint containing the words just quoted.

■■ The law of pleading frequently employs a rule-of-thumb to the effect that an adversary's admission of a fact prevails over his denial of the same fact. *Turner,*

*Admr. v. McCready et al,* 190 Or 28, 222 P2d 1010, cited by the plaintiff, enunciated that rule but relieved the neglectful pleader of its consequence. *Johnson v. Steele,* 154 Or 137, 59 P2d 237, in dealing with this same problem stated that the pleader who employs contradictory statements is generally bound by the statement which is most favorable to his adversary. Rules of that kind find their justification in a belief that since the pleader selects the language he must abide the result if he does not make his meaning clear.

■ Oregon's codification of the rules of pleading includes ORS 16.120 which says:

"In the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties."

See *Stotts v. Johnson and Marshall,* 192 Or 403, 234 P2d 1059, 235 P2d 560. Accordingly, although we have the rules of which we have taken notice, nevertheless we must give the answer a fair construction. In all events the pleading must be construed as a whole. The following is taken from 71 CJS, Pleading, § 160, page 329:

"The language employed must be considered and given a fair and reasonable construction in determining whether an answer or plea does or does not admit particular facts alleged in the complaint. * * * The pleading must be considered as a whole, and all statements must be construed together * * *.

*  *  *

"* * * Where the direct allegation of a fact is expressly denied, such denial has been held to be effective as against an admission of an allegation which includes such fact by way of recital."

Bancroft's Code Pleading, Practice and Remedies (ten-year supplement) § 429, states:

"* * * An admission of the allegations of a paragraph does not constitute an admission of matters contained therein merely by way of recital."

■ We are of the belief that when plaintiff's alert counsel, through the use of the aforementioned rule-of-thumb, reached the longed for result that all of plaintiff's injuries stood admitted notwithstanding their denial in the answer he must have felt that the result to which he thereby came was too good to be true.

The statement in the fourth paragraph of the complaint, "resulting in his injury and disability as hereinafter set forth," although possibly signifying some vestige of fact, did not specify any, at least none through the plain and concise language which is the favorite of code pleading. The quoted words possibly were intended merely as prefatory in character. Obviously, the pleader intended the fifth paragraph of the complaint to be the averment of the injuries upon which he would depend. One who sought to determine whether or not the answer submitted an issue concerning the plaintiff's injuries would have looked to the part of the answer that dealt with paragraph V rather than have sought the defendant's attitude toward paragraph IV.

It is clear that in determining whether or not the answer admitted that the plaintiff's injury compelled the removal of his left kidney and likewise necessitated the subsequent ancillary surgery the answer must be considered as a whole. Likewise, the answer must be construed in the sense in which it was obviously intended, and we are aware of no reason for attributing

to it an inference which is repugnant to the state of facts which it plainly sets forth. When these rules are taken into account we do not believe that the defendant should be condemned to the rule of thumb that an admission prevails over a denial. The phrase of which the words "hereinafter set forth" are the core alleged no injury and no one can view the answer in its entirety without reaching the conclusion that the defendant—far from conceding that the kidney trouble resulted from the accident—expressly denied all implications of that character. The plaintiff makes no claim that he was in any way misled by the admission in the answer of the phrase which we have several times quoted.

We believe that any one who read the complaint and the answer would have inferred that the defendant's admission of the paragraph which concluded, "resulting in his injury and disability as hereinafter set forth," was inadvertent and was made without discerning the possibilities which a skillful lawyer could draw from the admission. Plaintiff's counsel was vigilant and has pressed to the utmost a slip-up of defendant's, but that fact can not warrant a construction of the answer which is plainly contrary to its manifest meaning.

We do not believe that the trial judge should have attributed to the defendant a purpose to admit that the kidney operations resulted from the accident. To the contrary, the desired amendment of the answer should have been allowed. Judgment upon the pleadings should have been denied.

We sustain the first assignment of error. The judgment for the plaintiff is reversed.